| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Manuel J Rojas** | Social Security number or ITIN   xxx–xx–4393 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Southern District of Florida** | | Date case filed in chapter **7**      **5/11/18** |
| Case number:   **18–15647–AJC** | | Date case converted to chapter **13**     **12/3/18** |

## Notice of Chapter 13 Bankruptcy Case

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See boxes 8 and 12 below for more information.)

**You may want to consult an attorney to protect your rights. The bankruptcy clerk's office staff cannot give legal advice.**

**To help creditors correctly identify debtors, debtors must submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**WARNING TO DEBTOR: Debtors must commence plan payments within 30 days of filing the chapter 13 petition or conversion to chapter 13. Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to be current with plan payments at the time of the meeting of creditors, and for failure to file a pre–bankruptcy certification of credit counseling or file wage documentation. The case may also be dismissed or converted at the scheduled confirmation hearing if the court denies confirmation of the pending plan under 11 U.S.C. § 1325 and denies a request made for additional time for filing another plan or a modification of a plan.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's Full Name** | Manuel J Rojas | |
| 2. | **All Other Names Used in the Last 8 Years** | aka Manuel Jesus Rojas | |
| 3. | **Address** | 7319 SW 115 St <br> Miami, FL 33156 | |
| 4. | **Debtor's Attorney** (or Pro Se Debtor) Name and address | Michael A. Frank Esq. <br> 10 NW LeJeune Rd #620 <br> Miami, FL 33126 | Contact phone (305) 443–4217 |
| 5. | **Bankruptcy Trustee** Name and address | Nancy K. Neidich <br> www.ch13miami.com <br> POB 279806 <br> Miramar, FL 33027 | Contact phone 954–443–4402 |
| 6. | **Bankruptcy Clerk's Divisional Office Where Assigned Judge is Chambered** | US Bankruptcy Court <br> 301 North Miami Avenue, Room 150 <br> Miami, FL 33128 | Hours open 8:30 a.m. – 4:00 p.m. <br> Contact phone (305) 714–1800 |
| | | Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at www.pacer.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll–free at (866) 222–8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g. drivers' license, state identification card, passport, or immigration card.) | **Note:** The clerk's office is closed on all legal holidays. <br><br> Clerk of Court: **Joseph Falzone** <br> Dated: **12/6/18** |
| 7. | **\*\*MEETING OF CREDITORS\*\*** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must be present at required original government–issued photo identification and proof of social security number (or if applicable, Tax ID). Creditors may attend, but are not required to do so. | **January 18, 2019 at 09:30 AM** <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **\*\* LOCATION:** <br><br> **Claude Pepper Federal Bldg, 51 SW First Ave Room 102, Miami, FL 33130** |

Debtor **Manuel J Rojas**                                                                                                                    Case number **18-15647-AJC**

| 8. Development | | |
|---|---|---|

**8. Deadlines**
The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. Writing a letter to the court or judge is not sufficient.

**Deadline to file a complaint to challenge dischargeability of certain debts:**          Filing deadline: 3/19/19

**You must file:**
- a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or
- a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4).

**Deadline for all creditors to file a proof of claim (except governmental units):**          Filing deadline: 2/14/19

**Deadline for governmental units to file a proof of claim:**          Filing deadline: 6/3/19

**When Filing Proofs of Claim:** If the debtor is not represented by an attorney, you must serve copies of the proof of claim with all attachments on the debtor, via U.S. Mail, see Local Rule 3002-1(E). Claims may be delivered or mailed to the clerk's office. Creditors with internet access have the option to use the electronic claims filing program on the court website at www.flsb.uscourts.gov to electronically file a proof of claim.

**Deadlines for Filing Proof of Claim:**
A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flsb.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. If this is a converted case proofs of claim filed under the initial chapter shall be deemed filed and need not be refiled.
Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. See also box 10 below.

| | | |
|---|---|---|
| **Deadline to Object to Exemptions:**<br>The law permits debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection.<br><br>**The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions.** | Filing deadline: | 30 days after the *conclusion* of the meeting of creditors, or within 30 days of any amendment to the list of supplemental schedules, unless as otherwise provided under Bankruptcy Rule 1019(2)(B) and Local Rule 4003-1(B) for converted cases. |

**9. Filing of Plan and Hearing on Confirmation**

A copy of the debtor's filed plan is enclosed. The hearing on confirmation will be held on:

**2/26/19** at **01:30 PM** , at **C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Courtroom 7, Miami, FL 33128**

**Deadline to Object to Confirmation**

At the confirmation hearing on the plan, the court will consider all timely objections to confirmation and any filed motions to dismiss or convert the case. Except for objections to confirmation based on valuation of collateral in the plan or objections to attorney fee claims, **objections to confirmation of the plan must be in writing and filed no later than 14 days prior to the date first scheduled for hearing on confirmation, see Local Rule 3015-3(B)(1).**

**Attorney Fee Claims**

Attorney fee applications and objections to attorney fees shall be heard at the confirmation hearing.

**10. Creditors with a Foreign Address**

Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**11. Filing a Chapter 13 Bankruptcy Case**

Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan is included with this notice and the confimation hearing will be held on the date shown in box 9 of this notice. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise.

**12. Discharge of Debts**

Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. See box 8 for deadlines. The discharge will not be issued until the Official Bankruptcy Form "Certification About a Financial Management Course" is filed by the debtor (unless the course provider filed a certificate of completion of the financial management course on behalf of the debtor).

**13. Option to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail**

1) EBN program open to all parties. Register at the BNC website bankr uptcynotices.uscourts.gov. **OR** 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036-1(B) and (C).

**14. Translating Services**

Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors.

**Notice of Chapter 13 Bankruptcy Case**